We remain convinced that the court did not err in admitting the picture in evidence.

Appellant again urges that his requested charge No. 3 should have been given.

By this requested charge appellant sought to have the jury instructed to the effect that if from the acts and words, or both, of the prosecutrix there was created in the mind of appellant a reasonable apprehension of danger of bodily injury and it reasonably appeared to appellant that the prosecutrix was about to make an unlawful attack upon him, he had the right to defend himself from such danger or apparent danger.

Art. 1224, P.C. authorizes self-defense against a milder attack only when a violent attack is being actually made, not when the attacker is about to attack or doing some act preparatory thereto. Smith v. State, Tex.Cr.App., 210 S.W.2d 827; Brown v. State, Tex.Cr.App., 214 S.W.2d 792.

The trial court fully submitted appellant's right to use force against force, and to defend himself against the claimed unlawful attack upon him by the prosecutrix, and correctly declined to extend such right of

self-defense to the appearance of danger that an attack not giving rise to apprehension or fear of death or serious bodily injury was about to be made.

Remaining convinced that the appeal was properly disposed of on original submission, appellant's motion for rehearing is overruled.

### CARRUTHERS v. STATE.

No. 26903.

Court of Criminal Appeals of Texas.

March 24, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, **for** the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at a fine of $100.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.